UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZENA-SKY LOPEZ, <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS DEPARTMENT OF CHILDREN AND FAMILIES, <br><br> Defendant. | Case No. 3:21-cv-30042-KAR |

MEMORANDUM AND ORDER ON COMMONWEALTH DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)
(Dkt. No. 6)

ROBERTSON, U.S.M.J.

I. Introduction

Plaintiff Zena-Sky Lopez (Ms. Lopez), representing herself, has filed a complaint naming as the sole defendant the Massachusetts Department of Families and Children (DCF) and asserting claims of negligent infliction of emotion distress and defamation of character (Dkt. No. 1 at 1-2, 4). The parties have consented to this court's jurisdiction (Dkt. No. 10). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is the Commonwealth Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (DCF's Motion). Ms. Lopez has not filed an objection to DCF's Motion. For the reasons set forth below, DCF's Motion is allowed.

II. Summary of factual background

Ms. Lopez alleges that DCF removed her children from the home that she and her husband, Christofer Lopez, shared, based on false allegations that Mr. Lopez assaulted her mother, Melissa Perez (Dkt. No. 1-4 at 1, 2; Dkt. No. 1-6 at 1). In or around May 2018, Mr.

Lopez was charged in the District Court Department of the Massachusetts Trial Court with assault and battery on a family member (Dkt. No. 1-5). On March 13, 2019, a jury returned a verdict of not guilty in the charges against Mr. Lopez (Dkt. No. 1-5 at 5). In 2019, Ms. Lopez filed suit in the Superior Court Department of the Massachusetts Trial Court, Hampden Division (Superior Court), seeking judicial review of DCF's decision to support the allegation that she had neglected her three children (Dkt. No. 1-6 at 2). On March 30, 2020, following the Superior Court judge's review of the administrative record, he allowed Ms. Lopez's Motion for Judgment on the Pleadings and denied DCF's Motion for Judgment on the Pleadings (Dkt. No. 1-6 at 1). The judge ordered that the administrative decision supporting the allegation of neglect against Ms. Lopez be vacated (Dkt. No. 1-6 at 12).

Ms. Lopez alleges that, on June 5, 2018, DCF removed her children from her home and placed them in her sister's home for nine months (Dkt. No. 1-4 at 2, 3), that she left a restaurant job she had held for thirteen years because people at work shamed her as a mother, and that her husband lost his job because its hours conflicted with the scheduling of programs in which DCF insisted he participate before the family would be reunified (Dkt. No. 1-4 at 3). DCF's actions caused Ms. Lopez and her family extreme distress. Based on these events, Ms. Lopez seeks to recover money damages from DCF (Dkt. No. 1-4 at 2-4).

III.   Analysis

"Plaintiff's failure to file any objection to [DCF's] motion to dismiss does not mean that the motion should be summarily granted because it is not opposed by well-developed legal arguments." *Pona v. Weeden*, C.A. No. 16-612 WES, 2018 WL 1417725, at *4 (D.R.I. Mar. 21, 2018) (citing *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003)). "Rather, the Court must perform a substantive analysis to determine whether or not the complaint states a

legally sufficient claim." *Id.* A complaint filed by a self-represented litigant like Ms. Lopez "is held to a less stringent standard than one drafted by a lawyer and is to be read with an extra degree of solicitude." *Id.* at *3 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir. 1991)). A self-represented litigant must, nonetheless, show that she is entitled to relief under the rules that govern all litigation in federal court. *See id.* (citing *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 557 (2007)). Ms. Lopez's complaint must be dismissed because this court lacks jurisdiction to address the substance of Ms. Lopez's claims for two fundamental reasons.

    1. The complaint does not state a basis for federal court jurisdiction because it does not raise any federal question.

Ms. Lopez has identified "federal question" as the basis of the court's subject matter jurisdiction (Dkt. No. 1 at 3). "Federal District courts have original jurisdiction over 'federal question' cases – that is, cases 'arising under the Constitution, laws or treaties of the United States." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4*, 132 F.3d 824, 831 (1st Cir. 1997) (citing 28 U.S.C. § 1331). With rare exceptions, none of which are implicated here, to invoke federal question jurisdiction, a federal claim must appear "within the four corners of the complaint." *Id.* (citing *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997)).[1]

The claims asserted in Ms. Lopez's complaint are limited to negligent infliction of emotional distress and defamation of character (Dkt. No. 1 at 4). Negligent infliction of

---

[1] Ms. Lopez was a resident of Massachusetts when she filed her complaint (Dkt. No. 1 at 1), and DCF is an agency of the Commonwealth of Massachusetts. Because the parties are not residents of different states, there is no basis for diversity jurisdiction. *See, e.g., Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 17 (1st Cir. 2008) (explaining diversity of the parties as a basis for federal jurisdiction). Thus, this case could proceed in federal district court only if the complaint asserted claims that raise a federal question.

emotional distress and defamation are claims based on state law, *see Veilleux v. Nat'l Broad. Co.*, 206 F.3d 206 F.3d 92, 101 (1st Cir. 2000) (noting that the plaintiffs had sued the defendants on various state-law claims, including (among others) negligent infliction of emotional distress and defamation).  Because claims of negligent infliction of emotional distress and defamation are purely state law claims that do not arise under the laws, Constitution, or treaties of the United States, Ms. Lopez's complaint does not raise any federal question as a basis for subject matter jurisdiction.

      2. Ms. Lopez's claims against DCF are barred by Eleventh Amendment sovereign immunity.

Even if the complaint stated a federal claim, which it does not, the case would still be subject to dismissal.  By her complaint, Ms. Lopez seeks to recover money damages from DCF (Dkt. No. 1 at 4, Dkt. No. 1-4 at 2-3).  The complaint does not seek any other form of relief (Dkt. No. 1 at 4, Dkt. No. 1-4 at 2-4).  "However, "[s]overeign immunity bars suits for damages in federal court against the Commonwealth of Massachusetts, *state agencies* or state officials acting in their official capacities unless the Commonwealth has waived its sovereign immunity or Congress has abrogated it." *Doe v. Spears*, 393 F. Supp. 3d 123, 130 (D. Mass. 2019) (emphasis added) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67) (1985)).  DCF, "as an arm of the State, is entitled to Eleventh Amendment sovereign immunity." *J.R. v. Gloria*, F. Supp. 2d 182, 184 (D.R.I. 2009) (noting that Rhode Island's Department of Children, Youth, and Families was entitled to sovereign immunity and could not be sued for money damages in federal court) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("A suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment")).  Because Ms. Lopez's claims against DCF for money damages are barred by sovereign immunity and cannot go forward in this court, DCF's Motion must be granted.

III.	Conclusion

For the foregoing reasons, DCF's Motion is ALLOWED. Ms. Lopez's complaint will be dismissed without prejudice. Ms. Lopez may amend her complaint within forty-two (42) days of the date on which this Memorandum and Order is docketed. If no amended complaint is filed by April 27, 2022, the case will be closed on the court's docket.

It is so ordered.

Dated: March 9, 2022                                   Katherine A. Robertson
                                                       KATHERINE A. ROBERTSON
                                                       U.S. MAGISTRATE JUDGE